SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

April 8, 2015

John F. Brady, Esquire
Connections CSP
Legal Department
20163 Office Circle
Georgetown, DE 19947

Leontay T. Smith
SBI # 007
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

　　*State of Delaware v. Leontay Smith*, Def. ID# 1206002919 (R-1)

Dear Mr. Brady and Mr. Smith:

　　Defendant Leontay Smith ("defendant") filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"), asserting vague claims of ineffective assistance of counsel.[1]

　　A superceding indictment dated February 4, 2013, charged defendant with 150 crimes, including multiple counts of burglary in the second degree, attempted burglary in the second

---

　　　[1]The effective date for the version of Rule 61 in effect at the time of the filing of the motion was May 6, 2013.

degree, attempted burglary in the third degree, conspiracy in the second degree, theft greater than $1,500.00, attempted theft less than $1,500.00, theft under $1,500.00, theft less than $1,500.00 of a senior, criminal mischief, theft of a firearm, attempted theft of a firearm, and possession of burglar's tools.

On April 3, 2013, defendant pled guilty to four counts of burglary in the second degree, nine counts of theft of a firearm, two counts of burglary in the third degree, and three counts of conspiracy in the second degree. During the plea colloquy, defendant affirmed that he understood the nature of the offenses to which he was pleading guilty; he understood the maximum sentence he was facing; he knew he must serve a minimum of four years in jail; he had reviewed his trial rights set forth in the Truth-in-Sentencing Guilty Plea form; he had discussed those rights with his attorney; he understood those rights and waived them by entering the plea; no one had forced him to enter the plea or promised him anything in exchange for it; he committed the offenses to which he was pleading guilty; he was satisfied with his attorney's representation of him; and he wished to enter a plea of guilty to the charges. A presentence investigation was undertaken and defendant confessed to committing the crimes, as he did when the police interviewed him at the time of one of his arrests. The Court imposed its sentence on May 10, 2013. This sentence was modified on June 3, 2013, to reflect restitution amounts. It was corrected on April 8, 2015, to reflect he was sentenced on a theft of a firearm charge rather than a possession of burglar's tool charge. Importantly, defendant must serve 11 years at Level 5 before he will serve various levels of probation.

Defendant did not appeal his sentence. He filed his motion for postconviction relief on October 18, 2013. He alleges trial counsel was ineffective on two grounds. His support for these

claims are: "Plea deal" and "unfulfilled plea agreement". Mr. Brady was appointed as counsel to represent defendant in this postconviction proceeding.

In a September 29, 2014, letter to postconviction counsel, the Court noted the inadequacy of defendant's claims. Postconviction counsel thereafter moved to withdraw, asserting that he reviewed the record and trial counsel's file and he could not pursue an ineffective assistance of counsel claim. Defendant was given the opportunity to present further arguments, but he did not do so.

There are no procedural bars. However, because defendant fails to meet the standard required to establish an ineffective assistance of counsel claim, the claims fail. As explained in *State v. Hohn*:[2]

> ***To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." [FN19] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[FN20] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[FN21] ***
>
> > FN 19 *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)) (applying second prong *Strickland* analysis in the context of a guilty plea); *See also Strickland v. Washington*, 466 U.S. 668, 688 (1984).
> >
> > FN 20 *Albury*, 551 A.2d at 60.
> >
> > FN 21 *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

Defendant has not met this standard. Furthermore, a review of the record in this case, including the file, plea colloquy, and presentence report, establishes no basis for an ineffective

---

[2]2015 WL 301982 (Del. Super. Jan. 21, 2015).

assistance of counsel claim.

For the foregoing reasons, the postconviction motion is DENIED and postconviction counsel's motion to withdraw is deemed moot.

IT IS SO ORDERED.

Very truly yours,

*/s/ Richard F. Stokes*

Richard F. Stokes

cc: Prothonotary's Office
    Martin J. Cosgrove, Jr., Esquire
    Michael R. Abram, Esquire